IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>     Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>JOHNNY FRANCISCO PEETS, )<br>)<br>     Defendant/Petitioner. )<br>) | Criminal Case No. 1:08-cr-465 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Johnny Francisco Peets's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

On November 19, 2008, Petitioner Johnny Peets pled guilty to a one-count information charging him with Conspiracy to Distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner has a lengthy criminal record, including multiple felony convictions for controlled substance offenses. He was convicted in 1991 and 1992 for possession to distribute cocaine in Prince George's County Circuit Court. In 2003, he was convicted in the United States District Court, District of Columbia, for possession with intent to distribute cocaine and conspiracy to distribute. While on

supervised release, he committed the offense that led to his 2008 guilty plea, which is the subject of his collateral attack.

On March 27, 2009, the Court sentenced Petitioner, who was classified as a criminal history category VI. Upon learning that Petitioner had several prior felony convictions for controlled substance offenses, the Court enhanced Petitioner's status to a career offender under the United States Sentencing Guidelines ("Guidelines") § 4B1.1. Petitioner received a below-Guidelines prison sentence of 160 months, and he is scheduled to be released on June 11, 2020.

On June 27, 2016, Petitioner filed the instant motion under 28 U.S.C. § 2255. He provides one ground for relief: that his Fifth Amendment right to due process was violated because the trial court erroneously enhanced his sentence. Petitioner argued that his claim is timely because he filed within one year of when the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons stated below, Petitioner's motion is both untimely and without merit.

Under 28 U.S.C. § 2255, a petitioner may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28

U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

First, Petitioner's motion is untimely. There is a one year statute of limitations for a § 2255 motion. To be timely, the motion must be filed within one year of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); see also Muse v. United States, No. 2:13CR173-6, 2016 WL 3387172, at *1 (E.D. Va. June 8, 2016). Petitioner contends that his motion is timely because it was filed within one year of when Johnson was decided. In Johnson, the Supreme Court held that imposing an increased sentence for "crimes of violence" under the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague and violated the Due Process Clause. 135 S. Ct. at 2563. The Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016), held

U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

First, Petitioner's motion is untimely. There is a one year statute of limitations for a § 2255 motion. To be timely, the motion must be filed within one year of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); see also Muse v. United States, No. 2:13CR173-6, 2016 WL 3387172, at *1 (E.D. Va. June 8, 2016). Petitioner contends that his motion is timely because it was filed within one year of when Johnson was decided. In Johnson, the Supreme Court held that imposing an increased sentence for "crimes of violence" under the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague and violated the Due Process Clause. 135 S. Ct. at 2563. The Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016), held

that Johnson's invalidation of the ACCA's residual clause has a retroactive effect to cases on collateral review. Id. at 1265.

Here, Petitioner's motion is untimely because his challenge is unrelated to the rights recognized by the Supreme Court in Johnson and Welch. Petitioner's enhancing prior convictions were controlled substance offenses, not crimes of violence. Johnson's holding on the vagueness of the residual clause for crimes of violence is unrelated to sentencing for controlled substance offenses. Rather than challenging his conviction based on a right created in Johnson, Petitioner challenges the application of the Guidelines § 4B1.2(b) relating to predicate "controlled substance offenses." Thus, Petitioner's motion, which was filed more than seven years after his conviction became final, is barred by the one-year statute of limitations.

Second, even if the motion was timely, Petitioner's motion based on the Guidelines is without merit. Section 4B1.1 enhances a defendant's offense level to a career offender when:

> (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "controlled substance offense" is defined in § 4B1.2(b) as a state or federal offense that is "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture,

import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense."

Here, Petitioner's enhancing prior convictions from 1991, 1992, and 2003—each involving possession with intent to distribute cocaine—fall squarely within the definition of a controlled substance offense. The Supreme Court has never suggested that this definition is vague, and lower courts describe it as unambiguous. See e.g., United States v. Smith, 775 F.3d 1262, 1267 (11th Cir. 2014), cert. denied, 135 S. Ct. 2827 (2015). Further, it is also undisputed that Petitioner was at least 18 years old at the time of the instant offense and that he had the prior felony convictions. As such, Petitioner was properly designated as a career offender. On the merits, Petitioner has no claim under Johnson.

Thus, Petitioner's motion is DENIED because his claim is both time-barred and without merit. An appropriate order shall issue.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
October 1*3*, 2016